Jay R. McDaniel, Esq. - N.J. Atty. ID No. 011481992
WEINER LAW GROUP LLP
629 Parsippany Road, P.O. Box 0438
Parsippany, New Jersey 07054
Telephone: (973) 403-1100; Fax: (973) 403-0010
Attorneys for Defendant, Evolution Biologyx, LLC.,
#5049980

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CELULARITY INC.,<br><br>Plaintiff<br><br>v.<br><br>EVOLUTION BIOLOGYX, LLC,<br><br>Defendant | **CASE NO. 2:23-CV-02135-EP-LDW**<br><br>QUALIFIED PROTECTIVE ORDER UNDER HIPAA |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Health Insurance Portability and Accountability Act of 1996 (HIPAA), as amended by the Health Information Technology for Economic and Clinical Health Act (HITECH Act), including all applicable regulations issued by the Secretary of the United States Department of Health and Human Services, including, but not limited to, 45 C.F.R. § 160 and 45 C.F.R. § 164, and including specifically 45 C.F.R. § 164.512(e)(1), the undersigned parties agree to/and the court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and attorneys to the above-captioned matter (the "Action") are hereby authorized to receive, subpoena, and transmit protected health information pertaining to certain patients who received medical treatments/procedures with Plaintiff's products that were sold by Defendant to the treating health care provider to the extent and subject to the conditions set forth herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160 and 164, including, but not limited to, information related to:

(a) The past, present, or future physical or mental condition of the respective individual patient.

(b) The provision of care to the respective individual patient.

(c) The payment for care and/or reasons/decisions for denial of payment provided to the respective individual patient which identifies the respective individual patient or which reasonably could be expected to identify the respective individual patient.

3. All "Business Associates," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information pertaining to the respective patient to all attorneys in this Action.

4. The documents containing protected health information shall be produced under a "Confidential" designation pursuant to the Confidentiality Order Executed on January 11, 2024 by Hon. Leda Dunn Wettre, U.S.M.J [ECF37], the terms of which are incorporated herein and attached hereto as **Exhibit A.**

5. The attorneys shall be permitted to solely use the protected health information in any manner reasonably connected with the Action, including, but not limited to, disclosure to the parties, experts, consultants, witnesses, deponents, and copy services (individually, a "Permitted Recipient" and collectively, the "Permitted Recipients"), the court, necessary court personnel, court reporters, jurors, and any appellate court involved in the litigation process.

6. Any documents filed with the Court shall either be filed under Seal or the protected health information shall be redacted.

7. All protected health information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

8. Any person or entity in possession of protected health information shall maintain the information in a secure manner, and shall not reveal to or discuss such information with any person not entitled to receive it, so that the protected health information is not further disclosed or used in any manner inconsistent with this Order. Prior to disclosure by an attorney to a Permitted Recipient, the attorney shall require the Permitted Recipient to execute an Agreement to be Bound by Qualified Protective Order Under HIPAA in the form attached as **Exhibit B**.

9. Within (15) business days after the conclusion of this action, including all appeals (or the expiration of the deadline to file an appeal) the parties, their attorneys, and any other persons or entities that came into possession of the protected health information through this Action shall return the protected health information to the person, entity, or Business Associate that provided it, or destroy the protected health information, except for health information that was submitted to the court. Any party receiving protected health information must submit a written certification to Jay McDaniel, Esq. and Ty Nguyen, Esq. within five (15) business days after the Action, including all appeals (or the expiration of the deadline to file an appeal) concludes that (a) states that all protected health information was returned or destroyed and (b) affirms that the recipient has not retained any copies.

10. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes.

# EXHIBIT A

# CONFIDENTIALITY ORDER

**BECKER LLC**
Joseph G. Harraka, Jr. (007731990)
Erik B. Derr (145552015)
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
(973) 422-1100
jgharraka@becker.legal
ederr@becker.legal
Attorneys for Plaintiff, Celularity Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CELULARITY INC.,<br><br>Plaintiff,<br><br>v.<br><br>EVOLUTION BIOLOGYX, LLC, SALEEM S. SAAB, INDIVIDUALLY, AND ENCYTE, LLC,<br><br>Defendants. | **Civil Action No.: 2:23-cv-02135-EP-LDW**<br><br>**CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation

or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3. All Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 with respect to Confidential material, or set forth in Paragraph 6 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential and Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action) and relevant in-house counsel for the parties;

(b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) The Court and court personnel;

(e) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g) The parties. In the case of parties that are corporations or other entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action);

Case 2:23-cv-02135-EP-LDW Document 37 Filed 01/11/24 Page 4 of 10 PageID: 770

(b) In-house counsel designated in advance of disclosure by the parties who are necessary for the prosecution or defense of the action;

(c) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(d) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(e) The Court and court personnel;

(f) Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or was employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(g) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(h) To such other persons as counsel for the producing party agrees or as ordered by the Court.

7. Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 6. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8. With respect to any depositions that involve a disclosure of Confidential material or Attorneys' Eyes Only material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential material or Attorneys' Eyes Only material, or both, during the deposition, or within five (5) days thereafter, and may have until thirty (30) days after receipt of the deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may

be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) for Confidential material, or Paragraph 6 for Attorneys' Eyes Only material, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f), or Paragraph 6 for Attorneys' Eyes Only material, during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively.

9. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or non- party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10. Any document designated "Confidential" or "Attorneys' Eyes Only" by a party or non-party and which is to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

11. If the need arises during trial or at any hearing before the Court for any

party to disclose Confidential or Attorneys' Eyes Only material, it may do so only after giving notice to the producing party and as directed by the Court.

12. Data Breach. If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

13. The inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential or Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Confidentiality Order.

14. The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

15. If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential or Attorneys' Eyes Only material, the party receiving the demand, if not prohibited under applicable law, shall promptly

Case 2:23-cv-02135-EP-LDW Document 37 Filed 01/11/24 Page 7 of 10 PageID: 773

deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential or Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

16. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non- confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Confidentiality Order.

17. This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18. This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

19. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material or to destroy all copies of such material that contain and/or constitute attorney work product, as well as excerpts, summaries and digests revealing Confidential or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Confidentiality Order. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

IT IS SO ORDERED :

Dated: 1/11/2024

Leda Dunn Wettre

Hon. Leda Dunn Wettre, U.S.M.J.

Case 2:23-cv-02135-EP-LDW Document 37 Filed 01/11/24 Page 9 of 10 PageID: 775

**EXHIBIT A**

**BECKER LLC**
Joseph G. Harraka, Jr. (007731990)
Erik B. Derr (145552015)
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
(973) 422-1100
jgharraka@becker.legal
ederr@becker.legal
Attorneys for Plaintiff, Celularity Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CELULARITY INC.,<br><br>Plaintiff,<br><br>v.<br><br>EVOLUTION BIOLOGYX, LLC, SALEEM S. SAAB, INDIVIDUALLY, AND ENCYTE, LLC,<br><br>Defendants. | **Civil Action No.: 2:23-cv-02135-EP-LDW**<br><br>**AGREEMENT TO BE BOUND BY CONFIDENTILITY ORDER** |

I, ______________________, being duly sworn, state that:

1. My address is __________________________________.

2. My present employer is ___________________________ and the address of my present employment is __________________________.

3. My present occupation or job description is ___________.

4. I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only material disclosed to me.

6. I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential or Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________ ________________________________________[Name]

# EXHIBIT B

## AGREEMENT TO BE BOUND BY QUALIFIED PROTECTIVE ORDER UNDER HIPAA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CELULARITY INC.,<br><br>Plaintiff,<br><br>v.<br><br>EVOLUTION BIOLOGYX, LLC,<br><br>Defendant. | **Civil Action No.: 2:23-cv-02135-EP-LDW**<br><br>**AGREEMENT TO BE BOUND BY QUALIFIED PROTECTIVE ORDER UNDER HIPAA** |

I, ____________________________, being duly sworn, state that:

1. My address is ____________________________________________.

2. My present employer is _____________________________________ and the address of my present employment is __________________________________________________.

3. My present occupation or job description is ____________________.

4. I have carefully read and understood the provisions of the Qualified Protective Order Under HIPAA in this case signed by the Court, and I will comply with all provisions of the Qualified Protective Order Under HIPAA.

5. I will hold in confidence and not disclose to anyone not qualified under the Qualified Protective Order Under HIPAA any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only material disclosed to me.

6. I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential or Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ______________________ ________________________________________[Name]

Dated: August 28, 2024

Respectfully submitted,

WEINER LAW GROUP, LLP

s/ Jay R. McDaniel

Jay R. McDaniel, Esq.
N.J. Atty. ID No. 011481992
C. Ty Nguyen, Esq.
N.J. Atty. ID No. 046252005
WEINER LAW GROUP LLP
629 Parsippany Road, P.O. Box 0438
Parsippany, New Jersey 07054
Telephone: (973) 403-1100; Fax: (973) 403-0010
Attorneys for Defendant/Counterclaimant,
Evolution Biologyx, LLC.,

Dated: August 27, 2024

Respectfully submitted,

BECKER LLC

/s/*Erik B. Derr*

Joseph G. Harraka, Jr., Esq. (007731990)
Erik B. Derr, Esq. (145552015)
Becker LLC
Eisenhower Plaza Two
354 Eisenhower Parkway
Suite 1500
Livingston, New Jersey 07039
Telephone: (973) 422-1100; Fax: (973) 422-9122

**SO ORDERED.**

Dated: August 29, 2024

Hon. Leda Dunn Wettre
United States Magistrate Judge